Slip Op. 07-83

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| UNITED STATES MAGNESIUM LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Before: MUSGRAVE, Judge** |
| v. | : | |
| | : | Court No. 06-00422 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

[Proposed intervenor filed motion for permissive intervention pursuant to USCIT Rule 24(b). Motion denied.]

Dated: May 24, 2007

*King & Spalding LLP* (*Stephen A. Jones*), for the plaintiff.

*Peter D. Keisler*, Assistant Attorney General, Civil Division, United States Department of Justice, *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, *Patricia M. McCarthy*, Assistant Director, Civil Division, United States Department of Justice (*Stephen C. Tosini and William J. Kovatch, Jr.*), for the defendant.

*Riggle & Craven* (*David A. Riggle and John D. Craven*), for the proposed intervenor.

This action was initiated pursuant to 28 U.S.C. § 1581(c) to contest the United States Department of Commerce's determinations contained in Pure Magnesium from the PRC: Final Results of 2004–2005 Antidumping Duty Administrative Review, 71 Fed. Reg. 61,019 (ITA Oct. 17, 2006) ("Final Results"). *See* complaint at 1[1]. Now before the court is proposed intervenor

---

[1] By its complaint, plaintiff, pursuant to 28 U.S.C. § 1581(i), challenged the liquidation instructions issued in this matter. *See* complaint Count III. Plaintiff now avows, however, that any such action "is moot . . . because Plaintiff has not pursued this claim." Pl.'s Resp. to TMI's Motion to Intervene ("Pl.'s Resp.") at 1 n.1. Indeed, a review of plaintiff's Brief in Support of Motion for

Court No. 06-00422 Page 2

Tianjin Magnesium International Company's ("TMI") motion to permissively intervene in this matter pursuant to USCIT Rule 24(b). TMI argues that the court should grant its motion because TMI meets the criteria for permissive intervention in that it was a party to the underlying administrative review, that there are common questions of law and fact that directly affect it, that its intervention would not unduly delay the litigation or prejudice the parties already to the action, that its motion was timely filed, and that its intervention will not delay or impede the resolution of this matter. *See* Mem. in Supp. of the Mot. to Intervene by TMI ("TMI's Memorandum") at 1–3. Plaintiff and defendant both argue that TMI's motion is not proper because the controlling statute and this Court's rules do not allow permissive intervention in actions initiated pursuant to 28 U.S.C. § 1581(c). *See generally* Pl.'s Resp. (citing 19 U.S.C. § 1516a; 28 U.S.C. §§ 1581(c), 2631(j)(1)(B); USCIT R. 24(a); *Ontario Food Indus. Assoc. v. United States*, 30 CIT __, __ n.12, 444 F. Supp. 2d 1309, 1322 n.12 (2006) (stating that "under 28 U.S.C. § 1581(c), intervention may only be sought as a matter of right."); *Geum Poong Corp. v. United States*, 26 CIT 908, 909, 217 F. Supp. 2d 1342, 1343–44 (2002)), *aff'd without opinion* 78 Fed. Appx. 113 (Fed. Cir. 2003)); Def.'s Resp. to TMI's Mot. to Intervene (citing USCIT Rs. 24(a), (b); *Geum Poong*, 26 CIT at 909, 217 F. Supp. 2d at 1343–44)). While it may be true that TMI could have sought intervention of right earlier in this matter or initiated its own action to contest the Final Results, *see* TMI's Memorandum at 1, given the statutory scheme and this Court's rules and jurisprudence, the court cannot now see how TMI may, pursuant to USCIT Rule 24(b), permissively intervene in this matter. The court, therefore, denies TMI's motion, and does not accept for filing the Proposed Reply of Applicant Tianjin

---

Judgment on the Agency Record contains no argument or support for its section 1581(i) action and, therefore, the court considers it to have been abandoned.

Court No. 06-00422                                                                                              Page 3

Magnesium International, Inc., Regarding the Motion for Judgement [sic] on the Agency Record of

Plaintiff US Magnesium, LLC.[2]

    **SO ORDERED**

                                                      /s/ R. Kenton Musgrave
                                                          R. Kenton Musgrave, Judge

Dated: May 24, 2007
New York, New York

---

    [2] Defendant suggests that the court might consider TMI's motion to be one for intervention of right pursuant to USCIT Rule 24(a). *See* Def.'s Resp. at 2. The court has considered this option and does not find it proper to take that action because the standards for granting permissive intervention and intervention of right are substantively different. *Compare* USCIT Rule 24(a) *with* USCIT Rule 24(b).

## NOTICE OF ENTRY AND SERVICE

  This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

  Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

  Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble<br>Clerk of the Court

Date: _____  By: _____
                      Deputy Clerk